UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| WILLIAM WALLACE and <br> KAREN WALLACE, <br><br> Plaintiffs, <br><br> v. <br><br> JANICE SIMMONS LUCAS, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> )    No. 1:16-cv-388-TRM-SKL <br> ) <br> ) <br> ) <br> ) <br> ) |

## ORDER

    Before the Court is a motion to extend discovery deadlines filed by the Unnamed Defendant, Safeco Insurance Company of Oregon ("Safeco") on March 1, 2018 [Doc. 51]. As purported grounds for the requested extension, Safeco states that "despite the best attempts of the parties to date, witness depositions have not been scheduled or taken due to the unavailability of witnesses." [*Id*. at Page ID # 170]. Safeco seeks (1) a "reasonable extension to the discovery deadlines" for conducting unidentified witness depositions and (2) an extension of the expired expert disclosure deadlines "to correspond with the completion of the witness depositions." [*Id*.]. While not specifically joining in Safeco's motion, none of the other parties have filed a response to it. As the time to file a response to the motion has now passed, the Court deems the remaining parties' failure to respond as a waiver of any opposition to the requested relief pursuant to E.D. Tenn. L.R. 7.2.

    Although it appears the parties are in agreement regarding the motion, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

1

The current Scheduling Order required that disclosures of any expert testimony be made by the parties by February 12, 2018, with any rebuttal expert testimony disclosures made by March 12, 2018, and that all discovery be completed by April 9, 2018 [Doc. 44 at Page ID # 149-50, ¶ 1(a), (c)].

As the Sixth Circuit Court of Appeals has observed, a determination of good cause shown includes consideration of "(1) when the moving party learned of the issue that is the subject of discovery; (2) how the discovery would affect the ruling below; (3) the length of the discovery period; (4) whether the moving party was dilatory; and (5) whether the adverse party was responsive to . . . discovery requests." *Bentkowski v. Scene Magazine*, 637 F.3d 689, 696 (6th Cir. 2013) (alteration in original) (quoting *Dowling v. Cleveland Clinic Found.*, 593 F.3d 472, 478 (6th Cir. 2010)) (internal quotation marks omitted). "A court asked to modify a scheduling order for good cause may do so only if a deadline cannot reasonably be met despite the diligence of the party seeking the extension." *Marcilis v. Twp. Of Redford*, 693 F.3d 589, 597 (6th Cir. 2012) (quoting *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003)) (internal quotation marks and alteration omitted); *see also Bentkowski*, 637 F.3d at 696.

Safeco neither addressed the above considerations nor showed good cause under Rule 16 for its failure to timely conduct deposition discovery. This predicament is further complicated by Safeco's failure to file its motion seeking additional time to make expert disclosures until some two weeks after the expiration of the expert disclosure deadline. Safeco has provided no persuasive information or argument regarding why the parties failed to make timely expert disclosures or why they should receive additional time to make expert disclosures after the expiration of the deadline. Other than an unexplained and unsupported passing reference to the

"unavailability" of unidentified "witnesses," Safeco has provided no information regarding any attempts to timely complete discovery in the already once extended discovery period.[1] Likewise, Safeco fails to reveal why it cannot complete discovery prior to the April 9 deadline in this case, which has been pending since September 2016. Further, it is likely that the requested "reasonable" extension of the discovery period would affect other deadlines, which Safeco also fails to address. Under the circumstances, and given the lack of information to the contrary, the Court concludes there has been a complete lack of diligence in conducting discovery.

Accordingly, the motion to extend the discovery deadlines [Doc. 51] is **DENIED**. The parties, of course, may exchange expert disclosures or conduct discovery by agreement; but they are **ON NOTICE** that the Court will not address disclosure or discovery disputes that arise after the expiration of the applicable deadlines. *See, e.g., McGhee v. Buffaloe & Assocs., PLC*, No. 2:12-CV-333, 2013 WL 11478554, at *2 (E.D. Tenn. Dec. 20, 2013) (collecting cases and finding that "[c]ourts, including courts in this circuit and in this district, have found that motions seeking court intervention in discovery disputes after the close of discovery are untimely.").

SO ORDERED.

ENTER:

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

---

[1] On July 12, 2017, the Court granted the parties' joint motion [Doc. 38] and modified its original scheduling order [Doc. 16] to, among other things, extend the expert disclosure deadline from July 3, 2017 to February 12, 2018 and extend the discovery deadline from August 28, 2017 to April 9, 2018.